UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JESSIE HARBIN**                                                                                  **CIVIL ACTION**

**VERSUS**                                                                                         **NO. 06-9597**

**PRIDE OFFSHORE, INC.**                                                                           **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is Defendant's Motion in Limine. Rec. Doc. 26. Plaintiff filed an Opposition. Rec. Doc. 30. The Motion requests the Court exclude from evidence Dr. Chastant's estimated fee for surgical services and the estimate provided by Lafayette Surgical Hospital for surgical services. Defendant argues the Motion should be granted because these documents were not produced in discovery, not submitted in accordance with the expert report deadlines set forth in the scheduling order and were not provided to Defendant until after the deposition of Dr. Chastant was concluded. For the following reasons, the Motion is **DENIED** in its entirety.

Defendant first takes issue with Dr. Chastant's May 22, 2008, estimate of surgery charges. *See* Exhibit "A" attached to Rec. Doc. 26. This estimate is identical to a September 2007 estimate provided to Defendant except that the May 2008 estimate takes a "20% cash discount." Defendant argues that since this estimate was not provided to it until after Dr. Chastant's deposition and after the discovery deadline passed, it would be unfair and prejudicial to allow such evidence when it has not had the opportunity to cross-examine Dr. Chastant with regard to these fees. The Court disagrees.

The estimate provided to Defendant in May 2008 is a revised estimate of the one previously produced to it in September 2007, and is lower than the original estimate. There is no showing of substantial prejudice requiring exclusion of such evidence from trial or to warrant a continuance.

1

The Defendant had an opportunity to cross-examine Dr. Chastant regarding any inconsistencies with the estimates with the estimates at his deposition. As Court is aware of the timing that the May 2008 estimate was provided to Defendant and therefore, will allow Defendant's medical expert to testify as to the reasonableness of the charges submitted by Dr. Chastant even though not discussed in that expert's report.

Next, Defendant argues that the estimate for the Lafayette Surgical Center should be excluded because it was not provided to Defendant until May 23, 2008, on the eve of the June 9, 2008 trial date. Plaintiff's do not address this estimate in their Opposition.

Although the Surgery Center estimate was not provided to Defendant until recently, Defendant has known that fees associated with a surgical hospital would be included in any surgery estimate as Plaintiff's counsel noted in his September 2007 letter, that fees, in addition to those for Dr. Chastant, would be incurred. *See* Exhibit "A" attached to Rec. Doc. 30. Defendant could have ascertained the amount of the fees by simply calling the hospital. Additionally, Defendant, after learning of the amount recently, could have requested the Court extend the deposition deadline so that a deposition on the issue of the estimate of the Surgery Center's fees could have been taken.

At this point in the case, the Court is left with three options: (1) exclude the estimate and let the jury guess the amounts they believe it would cost for plaintiff to have this future surgery; (2) continue the trial to allow a deposition to address this estimate; or (3) admit the evidence. The Court finds that options one and two are not in the best interest of justice because there has not been a showing of sufficient and substantial prejudice to Defendant if the estimate is allowed into evidence. Defendant's medical expert, in the event he feels the estimate seems inflated, will be allowed to testify at trial regarding his opinion of the estimate despite that such opinion was not provided in his

expert report.

In sum, Defendant has failed to show how this untimely submitted evidence will amount in substantial prejudice to its case if admitted.  Accordingly, the Motion is **DENIED.**

**IT IS ORDERED** that Defendant's Motion in Limine, Rec. Doc. 26, is **DENIED.**

New Orleans, this 5th day of June, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**