**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JESSIE HARBIN**                                                      **CIVIL ACTION**

**VERSUS**                                                             **NO. 06-9597**

**PRIDE OFFSHORE, INC.**                                              **SECTION "K"(2)**

### ORDER AND REASONS

Before the Court is Defendant's Objections and Supplemental Objections to the Plaintiff's

Proffered Deposition Testimony.  Rec. Docs. 38 and 41.  After reviewing the arguments and the

depositions, the Court rules as follows:

**Dr. Darrell Henderson:**

Defendant objects to the admission of the deposition of Dr. Darrell Henderson because he

has not been deposed in connection with this matter.  Counsel for the Plaintiff advised the Court that

they will not be calling Dr. Henderson nor offering any deposition and that his deposition was not

taken in this case.  The objection is **SUSTAINED.**  Dr. Henderson was not deposed in connection

with this matter and any other deposition of Dr. Henderson will not be allowed into evidence at the

trial of this matter.

### DEFENDANT'S ORIGINAL OBJECTIONS:     Rec. Doc. 38

**Deposition of Dr. Bradley Chastant:**

    **Objection (a):**          Overruled.

    **Objection (b):**          Overruled.

    **Objection ( c):**         Overruled.

    **Objection (d) :**         Overruled.

    **Objection (e):**          Overruled.

**Objection (f)**:                          Overruled.

**Objection (i):**                          Sustained.

**Objection (j):**            Sustained

**Objection (k):**            Overruled.

**Deposition of Dr. Van Ardoin**:

    **Objection (a)**:            Overruled.

    **Objection (b)**:            The Court is unsure of the basis for this irrelevance objection as counsel did not expound upon the reason for his objection. In the event the testimony is irrelevant to the Plaintiff's injury, the Court has not been provided any explanation why such testimony is not relevant to this matter.  The Court **OVERRULES** the objection at this time;  however, if counsel can show at trial and prior to the introduction of Dr. Ardoin's testimony the irrelevance of this excerpt, the Court will then revisit the issue.

    **Objection (c)**:            Overruled.

    **Objection (d)**:            Overruled.

    **Objection (e):**            Overruled.

    **Objection (f)**:                          Overruled.

    **Objection (g)**:            Overruled.

    **Objection (h)**:            Overruled.

    **Objection (i):**                          Overruled.

    **Objection (j)**:            Overruled.

    **Objection (k):**            Overruled.

    **Objection (l):**                          Overruled.

    **Objection (m):**            Overruled.

**Objection (n):**               Overruled.

### DEFENDANT'S SUPPLEMENTAL OBJECTIONS:       Rec. Doc. 41.

Defendant filed supplemental objections to the deposition testimony of Dr. Bradley Chastant. Defendant objects to Dr. Chastant's deposition testimony because it lacks competence and foundation.  Defendant also asserts that Dr. Chastant was not tendered as an expert witness and all expert testimony offered by Dr. Chastant is therefore inadmissible under FRCP 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc</u>.  509 U.S. 579 (1993).

Counsel for the Plaintiff has advised the Court that he did not tender Dr. Chastant as an expert; however, he is a treating physician of the Plaintiff and Defendant was provided all medical records.  Further, Plaintiff's opposition asserts that the record is clear that Dr. Chastant was being offered as an expert witness.

**Objections (a)-(b)**:

These objections deal with opinion testimony offered by Dr. Chastant.  The Court notes that Plaintiff has not tendered Dr. Chastant as an expert.  However, Defendant has been provided with a copy of Dr. Chastant's medical records relating to his treatment of Plaintiff, a copy of his CV, and have deposed Dr. Chastant relative to his care and treatment of the Plaintiff.  Judge Englehardt was faced a similar issue as the one raised by Defendant in <u>Soll v. Provident Life & Acc. Ins. Co.</u>, 2002 WL 1461891 (E.D. La. 2002).  In <u>Soll</u>, Judge Engelhardt allowed the treating physician to testify even though an expert report was not exchanged in violation of the scheduling order and Federal Rules.  In so holding, the court found:

> It is noteworthy that, to the extent that the treating physician testifies as to the care and treatment of his patient, the physician is not to be considered a specially retained expert, notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, and

705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B).

Soll, 2002 WL 1461891, *5 (E.D.La. 2002).

Accordingly, Judge Engelhardt allowed the treating physician to testify as to plaintiff's current and past care and treatment without limitation. As to the treating physician's opinion of the defense expert's findings, the court refused to all such opinion testimony into evidence. The court noted, "the foregoing rulings permitting the testimony of [the treating physician] regarding his care and treatment, but excluding other expert opinion testimony which was not memorialized in writing and timely exchanged, preserves the purpose and integrity of the pretrial orders issued in this case and comports with the applicable Federal Rules of Civil Procedure." Soll, 2002 WL 1461891, *5 (E.D. La. 2002). See also Gray v. Vastar Offshore, Inc., 2005 WL 399396 (E.D. La. 2005)(Vance, J).

Dr. Chastant is Plaintiff's treating physician and his testimony regarding Plaintiff's current and past care and treatment shall be allowed. Accordingly, Defendants Objections (a)-(b) are **OVERRULED** as the deposition testimony is not beyond the scope of Dr. Chastant's treatment of Plaintiff.

| | |
|---|---|
| **Objection ( c):** | Overruled. The Court will allow defense's medical expert to rebut and testify to any opinion rendered by Dr. Chastant. |
| **Objection (d):** | Overruled. |
| **Objection (e):** | Overruled. |
| **Objection (f):** | Overruled. |

**Objection (g):**        Overruled.

**Objection (h):**        Overruled.

**Objection (i):**        Overruled.

**Objection (j):**        Overruled.

**Objection (k):**        Overruled.

**Objection (l):**        Overruled.

**Objection (m):**        Overruled.

**Objection (n)**:        Overruled.

New Orleans, this 5th day of June, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**