## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JESSIE HARBIN                                                    CIVIL ACTION

VERSUS                                                           NO. 06-9597

PRIDE OFFSHORE, INC.                                             SECTION "K"(2)

### ORDER AND REASONS

Before the Court is Defendant's Objections to Plaintiff's Exhibits submitted with the Joint

Bench Book of Exhibits to be offered at trial.  Rec. Doc. 43.  Initially, the Court notes that Plaintiff

has filed no Motion providing any objections it may have to the Exhibits.   Additionally, the Court

points out that any objections were due, pursuant to an extension given by the Court, by 4:30 p.m.

on June 2, 2008.  The objections discussed herein were not submitted to Chambers until 4:56 p.m.

on June 2, 2008.  Although the objections are untimely, the Court addresses the merits.

**Objection 1**:

Defendant objects to Exhibit 1 pp 3-6,[1] because the document is not part of Pride's First

Report of the Incident, is not a Pride document, and states its origin is unknown.  Further, the

document was not listed in the Pre-Trial Order and produced for the first time on June 2, 2008.

Defendant's objection is **SUSTAINED**.  Exhibit 1  appears to be a document that goes into

detail regarding Plaintiff's injury, includes an employee statement and appears to be a Pride

document.  However, since the excerpts objected are not listed in the Pre-Trial Order and leave to

amend the Pre-Trial Order has not been obtained the Objection is **SUSTAINED** and pp. 3-6 of

Exhibit 1 are inadmissible and excluded.

---

[1]Defendant's Objections state that they are objecting to Exhibit 2.  Exhibit 2 is described as a document purporting to be Pride's First Report of the incident.  However, Exhibit 1 in the Joint Bench Book is an incident report and Exhibit 2 is Dr. Ardoin's deposition.  The Court  notes counsel's error and will refer to Exhibit 1 pp. 3-6 as the Exhibit objected to in Objection No.1.

**Objection 2**:

Defendant objects to the Exhibit 3, pp. 59-63 as outside the scope of Dr. Chastant's expert report.  The objection is **OVERRULED**.

**Objection 3**:

Defendant objects to the last two unnumbered pages of Exhibit 4 arguing that these documents have not been previously produced, are hearsay and not listed in the Pre-Trial Order. The objection is **SUSTAINED** and the last two pages of Exhibit 4 are excluded.

**Objection 4:**

Defendant objects to Exhibit 6 because Plaintiff omitted the first page of the Helmerich & Payne records.  Defendant requests the Plaintiff correct this omission by submitting the first page of the records.  The objection is **SUSTAINED.**  Plaintiff shall submit the correct first page of the Helmerich & Payne records to the Court on the morning of trial.

**Objection 5:**

Defendant objects to Exhibit 8 because Plaintiff omitted the final page of his responses to Defendant's Request for Admissions.  The objection is **SUSTAINED.**  Plaintiff shall submit the correct last page of his responses to Defendant's Requests for Admissions on the morning of trial.

**Objection 6:**

Defendant objects to Exhibit 12 because it was not listed in the Pre-Trial Order, is inaccurate, and is inadmissible hearsay.  Exhibit 12 is the September 12, 2007, estimate of Dr. Chastant.  The objection is **OVERRULED**.

**IT IS ORDERED** that Defendant's Objections 1, 3, 4, and 5 are **SUSTAINED**.  Defendant's Objections 2 and 6 are **OVERRULED**.

New Orleans, this 5th day of June, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**